**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

NDUBUISI JOSEPH OKAFOR,      *

                                *          Civil No. AW-10-0056

        v.                       *          Criminal No. AW-07-190

                                *

UNITED STATES OF AMERICA      *

                                *

*************************************************************************

## **MEMORANDUM OPINION**

Before the Court is a Motion to Vacate filed by the Petitioner/Defendant, Ndubuisi Joseph Okafor, for relief pursuant to 18 U.S.C. § 2255. On January 18, 2008, and pursuant to a written plea agreement, Petitioner entered a guilty plea to tax evasion, in violation of 26 U.S.C. § 7201; aiding and abetting false income tax returns, in violation of 26 U.S.C. § 7206(2); and health care fraud, in violation of 18 U.S.C. § 1347. On February 12, 2008, Petitioner filed a motion to withdraw his guilty plea, which the government opposed and the Court denied on April 14, 2008. A presentence report was ordered and the matter was set down for a two-day sentencing hearing on June 30 and July 1, 2008. As the result of an offense level of 25 coupled with a criminal history category of I (which set forth a guideline range of 57-71 months incarceration), the Court imposed concurrent 30, 36, and 60 month sentences of incarceration followed by 3 years of supervised release, respectively as to counts 2, 7, and 15 of the Superseding Indictment. Counts 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13 and 14 of the Superseding Indictment were dismissed by the United States. Judgment was entered on July 1, 2008. The Defendant appealed the judgment and conviction on the ground that the district court abused its discretion in denying the Defendant's motion to withdraw the guilty plea. The Fourth Circuit affirmed on May 14, 2009. The present § 2255 motion was filed by Petitioner on March 5, 2010.

Petitioner presents three claims in support of his Motion which he contends entitle him to

1

relief. Petitioner asserts that he was the victim of ineffective assistance of counsel during the plea negotiations and plea process because: (a) counsel failed to inform him of an "advice of counsel" defense that Petitioner contends he would have argued at trial; (b) counsel informed him that by pleading guilty he would be entitled to a reduction in his sentence under the Sentencing Guidelines for accepting responsibility; and (c) as a result of these deficiencies, his guilty plea was not knowing and voluntary. The Government has responded to the Motion and Petitioner has filed his reply. The Motion is now ripe for resolution.

With respect to the claims by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well established standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), under which a claimant must establish the two pronged standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. *Id.*

To satisfy the first prong, the Petitioner must show that counsel's representation "fell below an objective standard of reasonableness," as measured by prevailing professional norms. *Id.* at 688. Courts should be deferential in this inquiry, and reversal is warranted only if the defendant can affirmatively prove prejudice. *Id.* at 693. In the context of a plea of guilty, the prejudice inquiry is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Petitioner must show that "there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Id.* While a client's verbalized intent to plead

guilty does not excuse counsel from investigating possible defenses and advising the defendant so that he can make an informed decision, *see Via v. Superintendent, Powhatan Correctional Center*, 643 F.2d 167, 174 (4th Cir. 1981), the alleged error of failing to disclose or pursue a defense is not prejudicial if there is no reasonable probability that it would have succeeded at trial. *Hill*, 474 U.S. at 59. A reasonable probability, in turn, is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* Finally, sworn statements during the Rule 11 colloquy, "carry a strong presumption of verity . . . and require the dismissal of any § 2255 motion relying on contrary allegations absent extraordinary circumstances." *Gao v. United States*, 375 F. Supp. 2d 456, 464 (E.D. Va. 2005) (quoting *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005)). With these legal principles in mind, the Court now turns to Petitioner's arguments.

Petitioner first argues that his attorney failed to adequately represent him because he neglected to inform him of a potential "advice of counsel" defense. In relying on such a defense, a defendant argues that he lacked the requisite intent to violate the law in question because he undertook his illegal actions on advice given to him by counsel. *See United States v. Polytarides*, 584 F.2d 1350, 1353 (4th Cir. 1978) (describing the elements of an "advice of counsel" defense). Petitioner contends that if his attorney had informed him of this defense, he would not have pleaded guilty and would instead have raised the defense at trial, stating that:

> he would have introduced evidence showing (1) that he made full disclosure of all material facts to his attorney before receiving the advice at issue with respect to his medical billing and taxes; and (2) he relied in good faith on the counsel's advice that his course of conduct was legal.

(Doc. No. 83 at 12.)

However, this first claim fails because Petitioner is unable to show that there was a reasonable probability that this "advice of counsel" defense would have succeeded at trial, and

3

thus is unable to satisfy the prejudice prong of the *Strickland* test. Petitioner premises this claim on nothing more than the bald allegation that some other attorney, whom he fails to identify, gave him unspecified advice upon which he relied in engaging in the medical billing and tax practices for which he was convicted. There is no evidence to suggest that such counsel existed, or that Petitioner's attorney knew of any previous counsel who advised his client with respect to his medical billing and taxes. Moreover, it is unclear how "advice of counsel" might have been a defense to the tax and health care fraud charges at all. The health care fraud charges, at the very least, alleged that Petitioner billed for services that he never rendered. It strains reason to believe that any attorney credibly told him that this type of billing practice would be legal, and if an attorney did in fact do so, that Petitioner relied on this advice in good faith. In contrast, at the Rule 11 hearing on January 18, 2008, the Court advised Petitioner of the elements of the tax evasion and health care fraud charges, including the intent elements. (*See* Doc. No. 88 at 8.) Petitioner indicated his understanding of these concepts. (*See id*.) Moreover, while Petitioner indicated that he disagreed with other parts of his plea agreement, including, *inter alia*, the amount of restitution, he made no indication that he disagreed with the portion of the plea that detailed the intent elements of the charges to which he was pleading guilty. (*See id.* at 11-12.) As such, Petitioner's unsupported allegations of a potential "advice of counsel" defense in his motion do not withstand his sworn statements during the Rule 11 colloquy, and thus Petitioner's first claim must fail.

Petitioner also claims that his attorney failed to effectively represent him because he informed Petitioner that he would get a reduction in his sentence for acceptance of responsibility if he agreed to a plea, and he ultimately did not get the promised reduction. However, such an argument is unavailing. The plea agreement negotiated by Petitioner's attorney with the

4

government did, in fact, contemplate an acceptance of responsibility reduction, which this Court directly addressed during Petitioner's Rule 11 hearing. It was only after Petitioner moved to withdraw his guilty plea and maintained that he was not guilty of the charges to which he had previously pleaded guilty that this Court declined to give him a reduction in his sentence for acceptance of responsibility. As such, Petitioner again fails to satisfy the second prong of the *Strickland* test, as this post-plea conduct could not possibly have impacted the outcome of the plea process so as to prejudice the defendant. As such, Petitioner's second claim must fail.

Finally, Petitioner claims that these alleged deficiencies in his attorney's conduct caused him to enter a guilty plea that was not knowing and voluntary. Petitioner, with the assistance of counsel, entered into a plea agreement with the government. Furthermore, Petitioner advised the Court under oath and pursuant to the Rule 11 colloquy that he was guilty of the counts to which he pled, that he understood all of his rights and that he had reached a decision to plead guilty. The Court does not believe on this record that Petitioner has made any showing that counsel's performance was legally deficient nor is there any evidence of prejudice pursuant to the *Strickland* standard. Most persuasively, the Fourth Circuit affirmed this Court's denial of Petitioner's motion to withdraw his guilty plea and stated that there was "no credible evidence of ineffectiveness of counsel, undue pressure, lack of competence, or actual innocence." (*Id.* at 20.) Accordingly, Petitioner's final claim must fail.

Petitioner also moves for a hearing and a chance to depose his attorney to substantiate his claims of ineffective assistance of counsel with evidence that is not present in the record. "When deciding whether an evidentiary hearing is necessary to resolve a § 2255 motion contesting a guilty plea, first 'a court must determine whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous

5

or false as to warrant summary dismissal.'" *Lemaster*, 403 F.3d at 220 (quoting *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004)). Absent "extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *Id.* at 221. During the Rule 11 colloquy, this Court explicitly asked Petitioner if he was satisfied with his attorney's counsel and Petitioner answered affirmatively. As no such extraordinary circumstances exist in the instant case, the unsupported allegations in Petitioner's § 2255 motion are insufficient to overcome his sworn statements during the Rule 11 colloquy. The Court denies Petitioner's motion for a hearing accordingly.

The Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court concludes that Petitioner has failed to demonstrate a legal and cognizable basis for relief. Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.

## Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of the Motion. *See* 28 U.S.C. § 2253(c)(1). "A [Certificate of Appealability, or COA]" may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at § 2253(c)(2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Here the Court has concluded that Petitioner did not receive ineffective assistance of counsel and as a result, his guilty plea was knowing and voluntary. It is the Court's view that Petitioner has raised

no arguments which cause this Court to view the issues as debatable, or finds that the issues could have been resolved differently, or to conclude that the issues raise questions which warrant further review. Accordingly, the Court denies a Certificate of Appealability.

    A separate Order will be issued.

| | |
|---|---|
| July 29, 2010 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Court |